UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:
JEFFREY A. DALEY                                            Case No. 20-10243-PGH

                                                            Chapter 7

               Debtor.
_____/

**TRUSTEE'S APPLICATION FOR EMPLOYMENT
OF SPECIAL COUNSEL RETROACTIVE
TO JUNE 9, 2020**

      Trustee, Sonya S. Slott, respectfully requests an Order of the court authorizing the employment of Larry Levine, Esq., of the Law Offices of Anidjar & Levine, PA, to represent the Trustee as special counsel in this case, retroactive to June 9, 2020, and states:

      1.      It is necessary that the trustee employ an attorney to represent the bankruptcy estate to undertake the efforts in a personal injury case, primarily a negligent security case, involving the Debtor, Jeffrey A. Daley.

      2.      The attorney does not hold or represent any interest adverse to the debtor or the estate with respect to the matter on which he is to be employed, and the trustee believes that the employment of this attorney would be in the best interest of the estate.

      3.      Attached to this Application as Exhibit A is the proposed attorney's affidavit demonstrating Larry Levine, Esq. and the Law Offices of Anidjar & Levine, PA are disinterested as required by 11 U. S. C. § 327(e) and a verified statement as required under Bankruptcy Rule 2014.

      4.      The attorney has agreed to be compensated in accordance with 11 U. S. C. § 330 and his existing Fee Agreement (attached as Exhibit "B").

      5.      The Trustee believes this attorney is qualified to handle and pursue this cause of

action.

WHEREFORE, the Trustee respectfully requests an Order authorizing the employment of Larry Levine, Esq. of the Law Offices of Anidjar & Levine, PA to represent the Trustee on contingency basis, retroactive to June 9, 2020.

Dated: July 17, 2020

/s/ Sonya S. Slott, Trustee
SONYA S. SLOTT, TRUSTEE
P.O. Box 15580
Plantation, FL 33318
(954) 423-4469

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                                                              Case No. 20-10243-PGH

JEFFREY A. DALEY

                                                                                                       Chapter 7

        DEBTOR        /

## VERIFIED STATEMENT OF PROPOSED SPECIAL COUNSEL FOR TRUSTEE

Pursuant to 11 U.S.C. § 327, F.R.B.P. 2014 and 9011 and 28 U.S.C. § 1746, the proposed attorney for the Trustee hereby submits his Verified Statement and states as follows:

1.     I am an attorney admitted to practice in the State of Florida.

2.     The law firm is located at 300 SE 17th Street, Fort Lauderdale, Florida 33316. We do not hold or represent any interest adverse to the estate and do not represent or hold any interest adverse to the debtor with respect to the matter on which I am being retained as required by 11 U.S.C. § 327 (e).

3.     We do not have any connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee.

4.     This firm handles cases on a contingency basis. A copy of our contingency fee agreement is attached to the Application and I understand that prior to being paid that my fees and costs are subject to the Bankruptcy Court approval.

I declare under penalty of perjury that the foregoing is true and correct.

Date:   June 10, 2020

*[signature]*

Lawrence A. Levine, Esq.
FLBN 193185

Law Offices of Anidjar & Levine, PA
300 SE 17th Street
Fort Lauderdale, FL 33316
(954) 525-0050
llevine@anl-law.com

# EXHIBIT B

─────────── LAW OFFICES OF ───────────
# ANIDJAR &LEVINE, P.A.

### AUTHORITY TO REPRESENT

I **JEFFREY DALEY** hereby represent that I was involved in an accident which occurred on **_-9_, 20_18_** located at or near **Ft. LAUDERDALE**.
That as a result of said accident I suffered personal injuries. Based upon the representations, I hereby request that Anidjar & Levine, P.A., sue, represent and (or) settle my claims resulting from the above accident.

In the event said Attorney agrees to represent me in this matter, I agree to pay said Attorney based upon the following fee schedule.

1. NO RECOVERY
   A. There shall be no charge for services of any kind incurred in the processing of said claim unless recovery is made.

2. RECOVERY
   A. If recovery is made, the contingent fee shall be as follows:
      a. If settled BEFORE A LAWSUIT IS FILED AND ANSWERED:
         1. 33 1/3% of any recovery up to $1million; plus
         2. 30% of any portion of the recovery between $1 million and $2 million; plus
         3. 20% of any portion of the recovery exceeding $2 million;
      b. If settled AFTER A LAWSUIT IS FILED AND ANSWERED WHETHER THE CASE GOES TO TRIAL OR NOT; or after a demand for appointment of arbitrators is made, or if tried to a jury, judge or arbitration panel:
         1. 40% of any recovery up to $1million; plus
         2. 30% of any portion of the recovery between $1 million and $2 million; plus
         3. 20% of any portion of the recovery exceeding $2 million;
      c. If all defendants admit liability at the time of filing their answers and request a trial only on damages;
         1. 33 1/3% of any recovery up to $1million; plus
         2. 30% of any portion of the recovery between $1 million and $2 million; plus
         3. 15% of any portion of the recovery exceeding $2 million;
      d. An additional 5% of any recovery after notice of appeal is filed or post-judgment relief or action is required for recovery on the judgment.
      e. In the event the law permits Attorney's fees to be recoverable from any person or entity against whom a claim is made, the Attorney's fees will be the amount represented by the schedule stated above or a reasonable fee as set by the Court, whichever is higher. If the Court awards a fee exceeding the stated percentage, the amount awarded by the Court shall represent the fee to which the Attorney is entitled. However, in no event shall the client be responsible for paying out of the gross proceeds of recovery an Attorney's fee exceeding the above schedule.
      f. Certain claims may have statutory limits on Attorneys fees. In all cases the Attorney's fees will be the maximum amount permitted under the law or by the State.
      g. If said claim involves a claim by a minor, an incompetent, or an estate, separate legal proceeding may be required to set up a Guardianship or an Estate. In that event, the undersigned client agrees to pay all Attorney's fees and filing fees required to do so. The undersigned client acknowledges that the undersigned Attorney may, at his discretion, elect not to handle these separate proceedings and may refer this portion of the case to another attorney. All Attorney's fees and costs will be discussed with and approved by the client before they are incurred.
   B. In addition to the above fee schedule, the Client agrees to pay all costs and expenses incurred in the investigating, processing, handling and, if necessary, litigation of said claim, to wit: Investigative Fees, photographs, police reports, court reporter fees, court costs, expert witness fees, etc., and hereby authorizes said Attorney to deduct said amounts from the funds collected on the Client's behalf. It is understood and agreed that these costs are in addition to any attorney's fees that may be owed at the conclusion of this case. All costs which are advanced by the attorneys on the client's behalf shall be reimbursed to the law firm from the net recovery, if a recovery on the claim is obtained.
   C. It is mutually agreed that if the client settles his claim or cause of action without the consent of the Attorney, then the client agrees to pay the Attorney the Attorney's fee, computed in accordance with the terms of this agreement, based upon the final recovery realized or received by the Client in such settlement; or that amount determined to be a reasonable fee by the court of competent jurisdiction.
   D. The attorney shall have a general lien, in addition to any statutory lien, upon the Client's cause of action, claim or counterclaim which shall attach to final recovery in the Client's favor, and to the proceeds thereof in whatever hands they may come. The Attorney shall not be in any way obligated to waive his Attorney's fee lien until his Attorney's fees and any and all disbursements made upon the Client's behalf have been fully paid. The Attorney shall not be liable to the client in any way whatsoever for any loss the Client may incur or suffer because of the Attorney's exercising his Attorney's lien in order to secure full payment of his legal fees and proper costs, expenses and disbursements under this agreement.


Initial

3. RESPONSIBILITIES UPON TERMINATION
   A. It is understood and agreed that this employment is on a contingent fee basis and if no recovery is made, no attorney fees are deemed earned, except as provided below:

   a. Client understands that if client elects to terminate this AGREEMENT after three (3) business days, or ANIDJAR & LEVINE is forced to terminate based upon Client's conduct or ethical reasons, ANIDJAR & LEVINE shall be entitled to a corresponding charging lien for attorney fees upon successful occurrence of the contingency. Client understands that the charging lien shall be either: (1) The percentage of fees listed above if the termination occurs after the contingency or time of settlement has occurred; or (2) The reasonable value of services rendered prior to discharge, limited by the maximum contract fee, if the termination occurs before the contingency or time of settlement has occurred.

   b. In computing the reasonable value of services, the rates of Five Hundred Dollars ($500.00) per hour for an attorney and One Hundred Dollars ($100.00) per hour for support staff shall be used which we both agree are reasonable hourly rates. The court may award a multiplier based upon the time and labor involved, the difficulty of the question involved, the skill required to perform the legal services, the likelihood that the acceptance of the particular employment will preclude other employment, the fee customarily imposed, and results obtained, pursuant to Rule 4-1.5 entitled "Fees for Legal Services" under the Florida Rules regulating The Florida Bar.

   c. Client further understands that in any litigation regarding the entitlement of ANIDJAR & LEVINE to a charging lien, the prevailing party shall be entitled to recover from the non-prevailing party costs and fees, including reasonable attorney's fees, incurred in conducting the litigation.

   d. Client also understands that if Client elects to terminate this AGREEMENT at anytime, or if ANIDJAR & LEVINE elects to terminate this AGREEMENT for any reason at anytime, ANIDJAR & LEVINE shall be entitled to a retaining lien against the case file(s) until all costs and expenses it has reasonably advanced in the investigation of Client's claim and in furtherance of the representation are reimbursed and said retaining lien is fully satisfied unless required otherwise by law or ethical rules.

   e. In all references herein to client, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the written instrument may require.

4. This contract may be cancelled by written notification to the Attorney at any time within three business days of the date the contract was signed, as shown below, and if cancelled the Client shall not be obligated to pay any fees to the Attorney for the work performed during that time. If the Attorney has advanced funds to others in representation of the client, the Attorney is entitled to be reimbursed for such amounts as he has reasonably advanced on behalf of the client.

5. The undersigned client has, before signing this contract, received and read The Statement of Client's Rights, and understands each of the rights set forth therein. The undersigned client has signed the statement and received a copy to refer to while being represented by the undersigned Attorney.

6. The undersigned Client further agrees to keep the undersigned Attorney advised of any change in residence and to fully cooperate in the investigation and preparation of the case; and to appear on reasonable notice for all conferences, depositions, appointments, and court appearances, and to comply with all legal requests made by the undersigned Attorney or authorized representatives of said law firm, in connection with the case.

7. The undersigned client does not have a pending Bankruptcy claim at this time. If the undersigned Client does file for Bankruptcy, prior to the completion of the case, the undersigned client shall disclose this claim to the Bankruptcy Court in their petition as required by Federal Law. The undersigned will immediately notify the undersigned Attorney of the Bankruptcy by sending a copy of said Bankruptcy petition to the law offices of Anidjar & Levine, P.A.

8. At any time during the existence of this executed contract, the undersigned Attorney has the discretion, upon reasonable notice, to withdraw as representative counsel and/or terminate the responsibilities and obligations under this contract.

The Attorney signing below for Anidjar & Levine, P.A. has read and explained this contract to me and I have also personally read this contract and I understand it.

DATED this __10__ day of __January__, 20 __18__.

_____ _____
Client                                                          Client (Jeffrey Daley)

Anidjar & Levine, P.A., Attorney's at law, relying upon the above representation hereby agree to accept Representation of the above Client according to the terms stated herein.

ANIDJAR & LEVINE, P.A.

By: _____
    For the Firm

———————————— LAW OFFICES OF ————————————
# ANIDJAR &LEVINE, P.A.

## STATEMENT OF CLIENT'S RIGHTS

Before you, the prospective client, arrange a contingency fee agreement with a lawyer, you should understand this Statement of your rights as a client. This Statement is not a part of the actual contract between you and your lawyer, but as a prospective client, you should be aware of these rights:

1.  There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2.  Any contingency fee must be in writing and you have three (3) business days of signing the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) business days you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the three-day period, you may have to pay a fee for work the lawyer has done.

3.  Before hiring a lawyer, you the client, have the right to know about your lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about his or her actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4.  Before signing a contingency fee contract with you, a lawyer must advise you whether he or she intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, he or she should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each firm must sign the contingency fee contract.

5.  If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract which includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6.  You the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for the costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about the future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7.  You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money which you might have to pay to your lawyer for costs, and liability you might have for attorney's fees to the other side.

8.  You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses and costs, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign the closing statement.


Initial

9.  You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you the client, have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the Fee Arbitration Rule of the Rules Regulating the Florida Bar) be included in your fee contract.

_____  1/10/18        _____
Client Signature        Date                Attorney Signature